# Exhibit A

# Superior Court of Alameda County Public Portal

**24CV062515** CORONA, et al. vs TESLA, INC., A DELAWARE CORPORATION

**Civil Unlimited** (Injunctive Relief Only (not d...)

Filed: 02/02/2024

Rene C. Davidson Courthouse / DEPT 21 - HON. Noël Wise

Next Hearing: 03/04/2024 Complex Determination Hearing

Document Download

Case Summary

Register of Actions | Participants | Future Hearings

| Date | Message | Category | Download |
| --- | --- | --- | --- |
| 02/02/2024 | Complaint<br>Filed by: Alejandro Corona (Plaintiff); Anita Jackson Newman (Plaintiff); Cabanillas & Associates, P.C. (Plaintiff)<br>As to: Tesla, Inc., a Delaware Corporation (Defendant) | Document | |
| 02/02/2024 | Notice of Related Case<br>Filed by: Alejandro Corona (Plaintiff); Anita Jackson Newman (Plaintiff); Cabanillas & Associates, P.C. (Plaintiff)<br>As to: Tesla, Inc., a Delaware Corporation (Defendant) | Document | |
| 02/02/2024 | Summons on Complaint<br>Issued and Filed by: Alejandro Corona (Plaintiff); Anita Jackson Newman (Plaintiff); Cabanillas & Associates, P.C. (Plaintiff)<br>As to: Tesla, Inc., a Delaware Corporation (Defendant) | Document | |
| 02/02/2024 | Notice of Case Management Conference<br>Filed by: Clerk | Document | |
| 02/02/2024 | The case is placed in special status of: Provisionally Complex – Case Type | Case | |
| 02/05/2024 | Initial Case Management Conference scheduled for 06/03/2024 at 08:30 AM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 02/05/2024 | Complex Determination Hearing scheduled for 03/04/2024 at 03:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 02/05/2024 | Civil Case Cover Sheet<br>Filed by: Alejandro Corona (Plaintiff); Anita Jackson Newman (Plaintiff); Cabanillas & Associates, P.C. (Plaintiff) | Document | |
| 02/05/2024 | Case assigned to Hon. Noël Wise in Department 21 Rene C. Davidson Courthouse | Assignment | |



Copyright © Journal Technologies, USA. All rights reserved.

David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995; Fax: 619.615.2067

Isam Khoury (SBN 58759)
*ikhoury@ckslaw.com*
Michael D. Singer (SBN 115301)
*msinger@ckslaw.com*
Maggie Realin (SBN 263639)
*mrealin@ckslaw.com*
**COHELAN KHOURY & SINGER**
605 C St, Suite 200
San Diego, CA 92101
Tel.: (619) 595-3001 Fax: (619) 595-3000

[*Additional Counsel Listed on Next Page*]

Attorneys for Plaintiffs on behalf of themselves and the general public

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/02/2024 at 04:38:14 PM
By: Milagros Cortez,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

ALEJANDRO CORONA, ANITA JACKSON NEWMAN, and CABANILLAS & ASSOCIATES, P.C., on behalf of themselves and the general public,

Plaintiffs,

v.

Tesla, Inc., a Delaware Corporation, DOES 1-10, inclusive,

Defendants.

**CASE NO.:** 24CV062515

**<u>COMPLAINT FOR</u>:**

1) **PUBLIC INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE § 17200, § 17203, AND**

2) **PUBLIC INJUNCTIVE RELIEF FOR VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW, § 349**

Catherine E. Anderson, Esq.
**GISKAN SOLOTAROFF & ANDERSON LLP**
90 Broad Street, 2nd Floor
New York, NY 10004
Tel: (212) 847-8315
Fax: (646) 964-9620
*canderson@gslawny.com*

Roosevelt N. Nesmith, Esq.
**LAW OFFICE OF ROOSEVELT N. NESMITH LLC**
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

*Pro Hac Vice Pending*

Plaintiffs Alejandro Corona, Anita Jackson Newman, and Cabanillas & Associates, P.C ("Plaintiffs"), by and through their attorneys of record, bring this Complaint seeking public injunctive relief against Tesla, Inc. and DOEs 1-10 ("Defendant" or "Tesla"). Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1. This is an action seeking public injunctive relief arising from Tesla's unlawful, unfair and deceptive business practice of misrepresenting to consumers the dashboard mileage driving range of its electric vehicles in violation of California's Unfair Competition Law ("UCL") and New York's General Business Law ("GBL").

2. On approximately July 27, 2023, public sources reported that Tesla has engaged in a practice of inflating projections on its vehicle dashboards for the driving range of its electric vehicles. Tesla dashboard range meters indicate to drivers that its vehicles will travel 350 to 400 – or more – miles on a full electric charge. However, as the battery is depleted, the dashboard range meters mileage projections drop at a rate faster than miles are actually driven, resulting in an overall mileage range significantly less than originally projected on the dashboard. Additionally, the public source reports included allegations that Tesla had orchestrated a practice to quash nationwide consumer complaints from this defect and service appointment requests related to this mileage range issue by creating an internal "Diversion Team" whose purpose was to unilaterally cancel the service appointments of customers complaining about the rate at which their car's driving range was being depeleted.

3. The inflated in-vehicle dashboard mileage projections resulted in consumers, including Plaintiffs, purchasing Tesla vehicles expecting a longer mileage driving range between charges than their vehicles provided. Plaintiffs continued to receive false and misleading projections from their Tesla vehicles dashboard range meters while using their Tesla vehicles. On or about December 20, 2023, public sources reported that a federal investigation was launched to investigate allegations that Tesla rigged an algorithm to inflate its cars' in-dash range estimates. Tesla's practice violates the UCL and GBL.

4. Pursuant to the UCL and GBL, Plaintiffs seek a public injunction compelling Defendant to fix the mileage readings displayed by Tesla's dashboard range meters from Tesla's software, hardware and/or firmware, as necessary and appropriate, so that the readings reflect more accurately the available mileage in its electric vehicles, rather than intentionally inflated and overestimated projections, which drop significantly while the vehicle is in use.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because this is a civil action where the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. Acts and omissions complained of in this action took place in the State of California.

6. Venue is proper because upon information and belief, Defendant conducts substantial business in this county, maintains retail stores, factories and offices in this county, and employs numerous employees in this county.

## PARTIES

7. Plaintiff ALEJANDRO CORONA is currently a resident of San Diego, California. Mr. Corona owns and has previously owned Tesla vehicles, including a 2023 Tesla Model Y, purchased on or about April 2023. Mr. Corona has frequently experienced that the available mileage meter is erratic and unstable. When he parks his car, it will show one reading, and then when he starts it the next time, the dashboard meter reading indicates a substantial and unexplained drop from the prior mileage reading.

8. Plaintiff ANITA JACKSON NEWMAN is currently a resident of San Diego, California. Ms. Jackson Newman owns and has previously owned Tesla vehicles, including a 2023 Tesla Model 3, purchased on or about June 2023. Ms. Jackson Newman has often experienced that the dashboard mileage reader is inaccurate. For example, on vacation in Utah in approximately June 2023, Plaintiff found the vehicle range to be unpredictable and unstable, with significant drops from the prior dashboard mileage readings without explanation.

9. Plaintiff CABANILLAS & ASSOCIATES, P.C. is a professional corporation (law firm) located in White Plains, New York. CHRISTOPHER CABANILLAS, a member of CABANILLAS &

ASSOCIATES, P.C, is currently a resident of Connecticut. CHRISTOPHER CABANILLAS, acting on behalf of Cabanillas & Associates, P.C., purchased a 2018 Tesla Model X 100D on or about December 10, 2018.

10. Defendant TESLA, INC. is a Delaware Corporation with its principal place of business in Austin, Texas. Plaintiffs are informed and believe, and on that basis, allege that Tesla, Inc. and at all relevant times was, a Delaware corporation authorized to do business in California, and manufactured its vehicles and had its Engineering Headquarters in the San Francisco Bay Area.

11. At all relevant times, Tesla was doing business in numerous counties throughout California. Tesla is a car manufacturer and dealer operating numerous offices, factories and facilities throughout California, including within the San Franciso Bay area.

12. Plaintiffs are currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein.

13. Plaintiffs are informed and believe and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## **FACTUAL ALLEGATIONS**

14. The mileage range Tesla has represented to its consumers and designed its software to reflect on the dashboard for its vehicles, intentionally does not match reality. Tesla programmed its dashboard mileage meter displays to show 300-350 miles, but also programmed those displays to

overstate the actual remining mileage as the cars were being used. As Plaintiffs and similarly situated consumers drove the vehicles and thereby discharged the battery, the projected mileage range would diverge from the projections, and drop, often significantly, resulting in an actual mileage range which was much less than Tesla's dashboard projections.

15. Plaintiffs and similarly situated consumers did not receive the dashboard full battery mileage range, and instead purchased vehicles with a lesser mileage range than projected in their vehicles. This negatively impacted Plaintiffs' and similarly situated consumers' ability to reliably drive their vehicles between charges, causing significant "range anxiety." Plaintiffs relied on the ability to travel between locations based on the mileage range displayed on Tesla's dashboard. The significant drop in mileage projections while driving affected Plaintiffs' ability to drive reliably between destinations and plan travel. Plaintiffs rely on the ability to drive their vehicles based on the battery mileage remaining as displayed on the car dashboard (similar to a gas tank meter reading in a non-electric vehicle) and the vehicle range was a significant factor for Plaintiffs in purchasing and enjoying use of their electric vehicles. Significant drops in vehicle mileage ranges while driving their vehicles limited Plaintiffs' ability to plan trips and enjoy travel between destinations, reducing the value of their vehicles. Tesla's mileage projections do not account for all relevant facts. Instead, Tesla has intentionally programmed its software to provide overly inflated and optimistic mileage range projections.

16. As reported by Reuters on July 27, 2023, Tesla created an internal "Diversion Team" to address Tesla's large number of consumer complaints concerning their vehicles' failure to achieve dashboard meter projected driving range. Tesla employees were instructed to blame the shortfalls in projected mileage on the consumers themselves for their driving habits and to unilaterally cancel scheduled service appointments related to this mileage driving range issue.

17. These unlawful, unfair and deceptive practices occurred systematically and were done with the full knowledge and consent of Defendant.

18. Upon information and belief, the above–mentioned unlawful, unfair and/or fraudulent practices by Defendant with respect its fraudulent dashboard mileage projections were imposed on all

consumers who purchased Tesla vehicles from Tesla dealerships in California and/or New York and continues to the present day.

19. Defendant's conduct, as alleged here, caused Plaintiffs, and other Tesla consumers public harm because they were unable to use their vehicles safely and reliably to the projected driving ranges. A vehicle's driving range is a significant factor in the consumer's purchasing decision, and vehicle charging capacity must be reliable, particularly when taking longer trips and planning distance between charging stations. Plaintiffs and other consumers are unable to reliably predict the amount of time required to complete a trip due to more charging being required to reach their destinations. Plaintiffs and similarly situated consumers were – and continue to be – harmed by Tesla's failure to accurately display the mileage range projections.

20. Plaintiffs bring this suit on behalf of themselves and the general public who have purchased a Tesla vehicle during the relevant time period. Plaintiffs bring this action for public injunctive relief and do <u>not</u> assert a class action. *See McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 958.

**<u>FIRST CAUSE OF ACTION</u>**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200 and § 17203)**
**(By California Plaintiffs Corona and Jackson Newman Against Defendant)**

21. Plaintiffs Corona and Jackson Newman re–allege and incorporate all preceding paragraphs as if fully set forth herein.

22. Defendant is a "person" as that term is defined under Cal. Bus. and Prof. Code §17201.

23. § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair and/or fraudulent business practices.

24. Through the actions alleged herein, Defendant has engaged in unlawful, unfair and/or fraudulent conduct within the meaning of the UCL.

25. Defendant has engaged in unlawful practices by intentionally inflating dashboard readings for the mileage its consumers would receive on their Tesla vehicles. Under California law, Telsla gives an implied warranty that its vehicles are fit to be used as represented by its onboard performance instruments, including its in-dash range meters, and this warranty has been breached by

Tesla through the above-described conduct and omissions. The misrepresentation caused Plaintiffs and consumers harm in the form of range anxiety (fear of running out of electric charge), resulting in inability to plan trips and predict distances between charging stations, and Plaintiffs and consumers not obtaining full use, enjoyment and value for their vehicles. Tesla's conduct is also both deceptive and unfair.

26. Additionally, as reported, Defendant has worked to quash and divert consumer complaints and service appointment requests for this mileage driving range issue so as to cover up and conceal its conduct.

27. An unlawful business activity includes "anything that can properly be called a business practice and that at the same time is forbidden by law." *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972). To meet the "unlawful" prong, the person suing under Section 172000 "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994). "Virtually any statute or regulation (federal or state) can serve as a predicate for a UCL unlawful practice cause of action." *Guitierrez v. Carmax Auto Superstores Cal*., 19 Cal. App. 5th 1234, 1265 (2018).

28. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

29. Tesla's conduct is in addition immoral, unethical, oppressive, and unscrupulous, and thereby constitutes unfair and unlawful business practices in violation of California Business and Professions Code § 17200 et seq.

30. Plaintiffs and similarly situated members of the general public seek to prohibit Tesla from engaging in any of the above described unfair, unlawful and/or fraudulent business practices in the future.

31. Plaintiffs have standing to assert this claim because they have suffered and/or will suffer an injury in fact in use of their vehicles and have lost and/or will lose money and value of their vehicles as a result of Defendant's conduct.

32. Business and Professions Code Section 17203 states, in part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

33. Pursuant to Section 17203, Plaintiffs Corona and Jackson Newman seek a public injunction prohibiting Defendant from projecting on its in dash range meters intentionally inaccurate mileage readings for their vehicles and enjoining future violations.

34. Plaintiffs and other similarly situated members of the general public have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair, unlawful and/or fraudulent business practices of Tesla. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs and other similarly situated members of the general public have suffered and will continue to suffer irreparable harm unless Tesla is restrained from continuing to engage in these unfair and unlawful business practices.

35. Plaintiffs Corona and Jackson Newman have assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of themselves and other similarly situated members of the general public who purchased a Tesla vehicle from Defendant in California. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest, and an award of injunctive relief would confer a significant benefit on the public. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs Corona and Jackson Newman request that the court award them reasonable attorneys' fees and costs incurred by them in this action.

///

///

///

**SECOND CAUSE OF ACTION**
**Violation of New York General Business Law § 349**
**(GBL §349, et. seq.)**
**(New York Plaintiff Cabanillas & Associates, P.C. Against Defendant)**

32. Plaintiff Cabanillas & Associates, P.C. ("Cabanillas") repeats and realleges each preceding paragraph of the Complaint as if fully set forth herein.

33. Plaintiff Cabanillas and others similarly situated are "persons" and members of the consuming public within the meaning of GBL §349(h).

34. GBL §349(a) states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

35. Defendant's acts and practices alleged herein took place within New York and constitute acts, uses, or employment of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, and with the subsequent performance, of Defendant in violation of § 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

36. Defendant's conduct is deceptive because it is likely to mislead consumers and the public, including Plaintiff Cabanillas and other similarly situated members of the general public, by making them believe, falsely, that their vehicles would reach longer mileage ranges than were actually possible. Defendant's representations and omissions were materially false and misleading and likely to deceive the consuming public because Defendant knew, or reasonably should have known, and failed to disclose that the vehicles mileage projections were inaccurate.

37. The deceptive acts and practices of Defendant has directly, foreseeably, and proximately caused injury to Plaintiff Cabanillas and other similarly situated purchasers in New York.

38. Plaintiff Cabanillas and others similarly situated have no adequate remedy of law.

39. Plaintiff Cabanillas and other similarly situated members of the general public who purchased Tesla vehicles in New York state are entitled to pursue claims against Defendant for

injunctive relief, costs and attorney's fees pursuant to GBL §349(h) to redress Defendant's violations of GBL §349(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the general public, pray for judgment against Defendant as follows:

A. A judicial declaration that Tesla's conduct is unlawful, unfair and/or fraudulent and an order halting Tesla's further misrepresentation of inflated mileage range in its vehicles, and requiring Tesla to display the real-time mileage range remaining on its vehicles;

B. Costs of suit;

C. Pre- and post-judgment interest;

D. Attorneys' fees pursuant to Code of Civil Procedure §1021.5;

E. Attorneys' fees pursuant to GBL §349(h); and

F. Such other equitable relief as the Court may deem just and proper.

DATED: February 2, 2024

**THE MARKHAM LAW FIRM**

By: ______________________

David R. Markham
Lisa Brevard
*Attorneys for Plaintiffs*

CM-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
David Markham (SBN 71814); Lisa Brevard (SBN 323391)
The Markham Law Firm
888 Prospect Street, Suite 200
La Jolla, CA 92037
TELEPHONE NO.: 619-399-3995 FAX NO. (Optional): 619-615-2067
E-MAIL ADDRESS (Optional): lbrevard@markham-law.com
ATTORNEY FOR (Name): Corona, et al.

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/02/2024 at 04:38:14 PM
By: Milagros Cortez,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courhouse

PLAINTIFF/PETITIONER: Corona, et al.
DEFENDANT/RESPONDENT: Tesla, Inc.

CASE NUMBER: 24CV062515
JUDICIAL OFFICER:
DEPT.:

# NOTICE OF RELATED CASE

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Zaks, et al. v. Tesla, Inc
   b. Case number: 23STCV17426
   c. Court: ☑ same as above
   ☐ other state or federal court *(name and address):*
   d. Department: 23
   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
   f. Filing date: 9/12/2023
   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
   ☑ involves the same parties and is based on the same or similar claims.
   ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
   ☐ involves claims against, title to, possession of, or damages to the same property.
   ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
   ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
   ☑ pending
   ☐ dismissed ☐ with ☐ without prejudice
   ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
   ☐ other state or federal court *(name and address):*
   d. Department:

**CM-015**

| PLAINTIFF/PETITIONER: Corona, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Tesla, Inc. | |

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address):*

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: ______

Date: February 2, 2024

David R. Markham
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

**CM-015**

| PLAINTIFF/PETITIONER: Corona, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Tesla, Inc. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

***(NOTE: You cannot serve the*** **Notice of Related Case** ***if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:
   b. Name of person served:
      Street address:
      City:
      State and zip code:
   c. Name of person served:
      Street address:
      City:
      State and zip code:
   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
02/02/2024
Chad Finke, Executive Officer / Clerk of the Court
By: M. Cortez Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Tesla, Inc., a Delaware Corporation, DOEs 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Alejandro Corona Anita Jackson Newman, and Cabanillas & Associates, P.C., on behalf of themselves and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
24CV062515

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David R. Markham, 888 Prospect St., Ste. 200, La Jolla, CA 92037; (619) 399-3995

DATE: 02/02/2024 Chad Finke, Executive Officer / Clerk of the Court Clerk, by *(Secretario)* [signature] , Deputy
*(Fecha)* *(Adjunto)*
M. Cortez

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>02/02/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>M. Cortez |
| PLAINTIFF:<br>Alejandro Corona et al | |
| DEFENDANT:<br>Tesla, Inc., a Delaware Corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV062515 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 06/03/2024 | Time: 8:30 AM | Dept.: 21 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>02/02/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>M. Cortez |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Alejandro Corona et al | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc., a Delaware Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV062515 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

David Roger Markham
The Markham Law Firm
888 Prospect St, Ste 200
La Jolla, CA 92037

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/05/2024

By:

M. Cortez, Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
David Markham (SBN71814); Lisa Brevard (SBN323391)
THE MARKHAM LAW FIRM
888 Prospect Street, Suite 200
La Jolla, CA 92037
TELEPHONE NO.: 619-399-3995 FAX NO.: 619-615-2067
ATTORNEY FOR *(Name):* Alejandro Corona, et al.

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/05/2024 at 09:33:24 AM
By: Damaree Franklin,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Corona, et al. v. Tesla, Inc.

CASE NUMBER: 24CV062515
JUDGE: Dean Hansell
DEPT: 21

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☐ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 2; Public Injunctive Relief
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 5, 2024
David R. Markham
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

**Short Title:** Corona, et al. v. Tesla, Inc. **Case Number:**

**CIVIL CASE COVER SHEET ADDENDUM**

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [X] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |